[674 NYS2d 89]

In the Matter of HOWARD M. THALER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 8, 1998

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Maryann Yanarella* of counsel), for petitioner.

*Brennan Fabriani & Novenstern,* Mount Kisco (*Timothy J. Brennan* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was served with a petition containing 17 detailed charges of professional misconduct. Charges Eight and Eleven were withdrawn. Special Referee Lawrence N. Martin, Jr. sustained the remaining 15 charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted an affidavit in opposition requesting that the Special Referee's report be disaffirmed.

Charges Two and Three emanate from a parcel of real estate at 86 Beekman Avenue in Mount Vernon, New York.

Charge Two alleged that the respondent engaged in an impermissible conflict of interest and/or accepted employment where the exercise of his professional judgment on behalf of a client would be or reasonably may have been affected by his own financial, business, property, or personal interest.

Charge Three alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation and/or conduct which adversely reflects on his fitness to practice law by providing a false and misleading answer to a complaint of professional misconduct and by providing false and misleading testimony, under oath, to the legitimate inquiries of the Grievance Committee, and of obstructing an investigation of the Grievance Committee.

Charges Five through Seven emanate from a parcel of real estate at 457 South First Avenue in Mount Vernon.

Charge Five alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation and/or conduct prejudicial to the administration of justice with respect to the Surrogate's Court, Westchester County.

Charge Six alleged that the respondent engaged in an impermissible conflict of interest and/or of accepting employ-

ment where the exercise of his professional judgment on behalf of his client would be or reasonably may have been affected by his own financial, business, property, or personal interest.

Charge Seven alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation and/or conduct which adversely reflects on his fitness to practice law by providing a false and misleading answer to a complaint of professional misconduct, and by providing false and misleading testimony, under oath, to the legitimate inquiries of the Grievance Committee, and of obstructing the Grievance Committee's investigation.

Charges Nine and Ten emanate from a parcel of real estate at 405 South 4th Avenue in Mount Vernon.

Charge Nine alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation and/or of participating in the creation or preservation of evidence when he knew or it was obvious that the evidence was false.

Charge Ten alleged that the respondent engaged in conduct involving fraud, deceit, or misrepresentation and/or conduct which adversely reflects on his fitness to practice law by providing a false and misleading answer to a complaint of professional misconduct, by providing false and misleading testimony under oath, and of obstructing an investigation by the Grievance Committee.

Charge Twelve alleged that the respondent engaged in conduct which adversely reflects on his fitness to practice law in that he has failed to cooperate with investigations of the Grievance Committee.

Charge Thirteen alleged that the respondent engaged in conduct which adversely reflects on his fitness to practice law by failing to maintain a duly constituted escrow account and commingling funds.

Charge Fourteen alleged that the respondent engaged in conduct which adversely reflects on his fitness to practice law and of failing to maintain the required books and records for his escrow account, pursuant to Code of Professional Responsibility DR 9-102 (D) and (I) (22 NYCRR 1200.46 [d], [i]).

Charge Fifteen alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by converting clients' funds to his own use and/or of failure to account for funds belonging to clients or third parties.

Charge Sixteen alleged that the respondent engaged in conduct which adversely reflects on his fitness to practice law

in that he has failed to cooperate with the Grievance Committee's investigations.

Based on the voluminous record and the evidence adduced in the course of this disciplinary proceeding, the Grievance Committee's motion to confirm is granted to the extent that the following charges are sustained: Charges Two, Three, Five, Six, Seven, Nine, Ten, Twelve, Thirteen, Fourteen, Fifteen, and Sixteen. The motion is denied with respect to Charges One, Four, and Seventeen, which are not sustained.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to view the charges against him as de minimis or lacking in substance, and notes that he has been under investigation for many years, at great cost to himself.

Contrary to the respondent's contentions, the course of misconduct in which he has engaged permeates his practice of law and strikes at the heart of the legal profession. The respondent has utilized the practice of law as a means for furthering his own financial interests without regard for his professional responsibilities and has exhibited a willingness to assist others in doing so. The damage entailed by the various charges is the abuse of trust and confidence reposed in an attorney by clients and third parties, such as lending institutions, courts, and other members of the Bar.

Throughout the investigations, the respondent consistently and during a protracted time period provided false information and compounded this by testifying falsely, at the hearings in this matter and during depositions, in an effort to obstruct those investigations. The respondent's conduct during the investigations demonstrates his failure to accept the authority of this Court to supervise and discipline attorneys who practice within its jurisdiction.

Under the totality of circumstances, the respondent is disbarred.

BRACKEN, J. P., ROSENBLATT, O'BRIEN, RITTER and COPERTINO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted to the extent that Charges Two, Three, Five, Six, Seven, Nine, Ten, Twelve, Thirteen, Fourteen, Fifteen, and Sixteen are sustained, and denied to the extent that Charges One, Four, and Seventeen are not sustained; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Howard M. Thaler, is disbarred,

and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Howard M. Thaler shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Howard M. Thaler is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.